**UNITED STATES DISTRICT COURT**  JS-6
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 15-9231-JFW (ASx)** | Date:  March 3, 2016 |

Title:     Dean Johnson, et al. -*v*- Select Portfolio Servicing, Inc. et al.

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**  **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                               None

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING PLAINTIFFS' MOTION TO REMAND [filed 2/5/16; Docket No. 27]; and**

**ORDER GRANTING DEFENDANTS SELECT PORTFOLIO SERVICING, INC., HSBC BANK USA NATIONAL ASSOCIATION, AS TRUSTEE, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS [filed 2/8/16; Docket No. 28]**

    On February 5, 2016, Plaintiffs Dean Johnson and Anja Johnson (collectively, "Plaintiffs") filed a Motion to Remand.  On February 11, 2016, Defendants Select Portfolio Servicing, Inc. ("Select"), HSBC Bank USA National Association, as Trustee on Behalf of The Certificate Holders of Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-OA3 ("HSBC"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants") filed their Opposition. On February 18, 2016, Plaintiffs filed a Reply.  On February 8, 2016, Defendants filed a Motion for Judgment on the Pleadings.  On February 15, 2016, Plaintiffs filed their Opposition.  On February 22, 2016, Defendants filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument.  The hearing calendared for March 7, 2016 is hereby vacated and the matters taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    Factual and Procedural Background**

    On March 1, 2007, Plaintiffs obtained a mortgage loan (the "Loan") from American's Wholesale Lender ("AWL") in the original principal sum of $520,000, which was evidenced by a

promissory note (the "Note") and secured by a deed of trust (the "Deed of Trust") encumbering the property located at 493 Sicily Street, Morro Bay, California 93442-2941 (the "Property"). The Deed of Trust named MERS as the original beneficiary, as nominee for AWL. The beneficial interest under the Deed of Trust was assigned to HSBC by a Corporation of Assignment of Deed of Trust recorded in November 2009. Select is the current servicer of the Loan.

As a result of Plaintiffs' default under the Loan, on October 30, 2009, a Notice of Default and Election to Sell Under Deed of Trust was recorded against the Property. On June 9, 2010, a Notice of Rescission of Declaration of Default and Demand for Sale and of Notice of Default was recorded against the Property.

On October 23, 2015, Plaintiffs filed their Complaint against Defendants in San Luis Obispo Superior Court. In their Complaint, Plaintiffs allege causes of action for: (1) violation of California Civil Code § 2923.7; (2) violation of California Civil Code § 2924.10; (3) violation of California Civil Code § 2924.17; (4) fraud – intentional misrepresentation; (5) cancellation of a written instrument, California Civil Code § 3412; and (6) violation of California Business & Professions Code §§ 17200, *et seq.* On November 30, 2015, Defendants removed this action to this Court, alleging that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a).

## II. Legal Standard

### A. Motion to Remand

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

### B. Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) governs motions for judgment on the pleadings. *See* Fed. R. Civ. P. 12(c). "A Rule 12(c) motion is functionally identical to a motion pursuant to Fed. R. Civ. P. 12(b)(6)." *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (citing *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Heliotrope General, Inc. v. Ford Motor Co.*, 189 F.3d 971, 979 (9th Cir. 1999) (quoting *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998)). As with motions brought pursuant to Rule 12(b)(6), in addition to assuming the truth of the facts plead, the court must construe all reasonable inferences drawn from those facts in the nonmoving party's favor. *See Lonberg*, 300 F. Supp. 2d at 945*; see also Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "However,

judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990) (internal citations omitted).

### III. Discussion

#### A. Motion to Remand

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a). Plaintiffs do not dispute that there is complete diversity of citizenship, but instead argue that Defendants have failed to prove that the amount in controversy exceeds $75,000.

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). However, if the plaintiff contests the defendant's allegation, the defendant must establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See id.* at 553-54; 28 U.S.C. § 1446(c)(2)(B).

In light of the relief requested, including compensatory, special and general damages, civil penalties pursuant to California Civil Code § 2924.12(b) for the greater of treble damages or $50,000, restitution and the disgorgement of profits, and attorneys' fees, and Plaintiffs' allegation in the Complaint that "the amount of controversy is approximately $75,000," the Court finds that Defendants have established, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See* Complaint, ¶ 10. Accordingly, the Court concludes that it has subject matter jurisdiction under 28 U.S.C. § 1332(a).

#### B. Motion for Judgment on the Pleadings

##### 1. Plaintiffs Failed to State Claims for Violations of the California Homeowner's Bill of Rights (California Civil Code §§ 2923.7, 2924.10, and 2924.17).

In their Complaint, Plaintiffs allege that Defendants violated the California Homeowner's Bill of Rights, specifically California Civil Code §§ 2923.7, 2924.10, and 2924.17.

Section 2923.7 of the California Civil Code provides that, "[u]pon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact." Cal. Civ. Code § 2923.7(a). The single point of contact is generally responsible for communicating with the borrower, coordinating receipt of any documents needed to consider the borrower for a foreclosure alternative, and ensuring that the borrower is considered for all foreclosure prevention alternatives. *See* Cal. Civ. Code §§ 2923.7(b)(1) – (5). A single point of contact may be comprised of a team of personnel. *See* Cal. Civ. Code § 2923.7(e).

In their Complaint, Plaintiffs fail to allege that they requested a single point of contact as

required by Section 2923.7, and, thus, they cannot maintain their Section 2923.7 claim. *Williams v. Wells Fargo Bank, N.A.*, 2014 WL 1568857, * 8 (Jan. 27, 2014) (finding that the plaintiffs failed to state a Section 2923.7 claim where they failed to allege they requested a single point of contact); *Diamos v. Specialized Loan Servicing LLC*, 2014 WL 5810453, * 4 (Nov. 7, 2014) (granting motion to dismiss Section 2923.7 claim where plaintiff failed to allege that she requested a single point of contact). Accordingly, Plaintiffs' first cause of action for violation of Section 2923.7 is dismissed, and because amendment would be futile, it is dismissed without leave to amend.[1]

Under Section 2924.10, when a borrower submits a loan modification application, the mortgage servicer must provide written acknowledgment of receipt within five business days. *See* Cal. Civ. Code § 2924.10. However, in this case, Plaintiffs are not entitled to money damages because the only alleged violation of Section 2924.10 is a pre-foreclosure sale violation of the statute. *See* Cal. Civ. Code § 2924.12(b) (limiting damages to post-foreclosure actions). In addition, Plaintiffs are not entitled to injunctive relief pursuant to Section 2924.10 because no foreclosure proceedings are pending. *See* Cal. Civ. Code § 2924.12(a). Therefore, Plaintiffs' Section 2924.10 claim fails as a matter of law. Moreover, Plaintiffs have alleged only conclusory facts with respect to Defendants' alleged violation of Section 2924.10. Accordingly, Plaintiffs' second cause of action for violation of Section 2923.10 is dismissed, and because amendment would be futile, it is dismissed without leave to amend.

Finally, in their Opposition, Plaintiffs fail to address Defendants' arguments with respect to their claim for violation of Section 2924.17. Therefore, Plaintiffs have conceded that Defendants are entitled judgment on the pleadings with respect to their Section 2924.17 claim. Accordingly, Plaintiffs' third cause of action for violation of Section 2924.17 is dismissed, and because amendment is futile, it is dismissed without leave to amend.

### 2. Plaintiffs Failed to State a Claim for Fraud – Intentional Misrepresentation.

Under California law, the elements for a cause of action for intentional misrepresentation, are: "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, *i.e.,* to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal.4th 979, 990 (2004) (internal quotation omitted). When fraud is alleged, Rule 9(b) demands that the circumstances constituting the purported fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation and internal quotations omitted). To meet this standard, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* (citation omitted).

In their Opposition, Plaintiffs fail to address Defendants' arguments with respect to their claim for fraud – intentional misrepresentation. Therefore, Plaintiffs have conceded that

---

[1] In their Opposition, Plaintiffs fail to argue that such a request was made. Instead, Plaintiffs merely argue that they were not required to make such a request.

Defendants are entitled to judgment on the pleadings with respect to their fraud – intentional misrepresentation claim.  Accordingly, Plaintiffs' fourth cause of action for fraud – intentional misrepresentation is dismissed, and because amendment is futile, it is dismissed without leave to amend.

### 3. Plaintiffs Failed to State a Claim Cancellation of a Written Instrument under California Civil Code § 3412.

Under California law, "[a] written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled."  Cal. Civ. Code § 3412.  "[T]o state a claim pursuant to Civil Code § 3412, [a] plaintiff must allege that he has restored everything of value received from the loan transaction."  *Sanchez v. MortgageIt, Inc.*, 2011 WL 588178, at *2 (N.D.Cal. 2011) (*citing Star Pac. Investments, Inc. v. Oro Hills Ranch, Inc.*, 121 Cal. App. 3d 447, 457 (1981)).

In their Opposition, Plaintiffs fail to address Defendants' arguments with respect to their claim for cancellation of a written instrument under Section 3412.  Therefore, Plaintiffs have conceded that Defendants are entitled to judgment on the pleadings with respect to their cancellation of a written instrument claim.  Accordingly, Plaintiffs' fifth cause of action for cancellation of a written instrument under Section 3412 is dismissed, and because amendment is futile, it is dismissed without leave to amend.

### 4. Plaintiffs Failed to State a Claim for Violation of California Business & Professions Code, §§ 17200, *et seq.*

California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.  "As to the unlawful prong, the UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law." *See Clark v. Countrywide Home Loans, Inc.*, 732 F. Supp. 2d 1038, 1049 (E.D. Cal. 2010) (citing *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir.2000)).  A business practice is "unfair" when that practice "either offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."  *McDonald v. Coldwell Banker*, 543 F.3d 498, 506 (9th Cir. 2008) (quotations and citations omitted).  "The unfairness prong of the UCL 'does not give the courts a general license to review the fairness of contracts.'"  *Flores v. EMC Mortg. Co.*, __ F. Supp. 2d __, 2014 WL 641097, at * 22 (E.D. Cal. Feb. 18, 2014).  A business practice is "fraudulent" if members of the public are likely to be deceived. *Prata v. Superior Court*, 91 Cal. App. 4th 1128, 1146 (2001).  If the claim is grounded in fraud, the pleading of that claim must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  *See, e.g., Ward v. Wells Fargo Home Mortgage, Inc.*, 2015 WL 1744235, at *9 (N.D. Cal. Apr. 13, 2015).  Regardless of whether Plaintiff brings his claim under the unlawful, unfair, or fraudulent prong of the UCL, Plaintiff must allege that he suffered an injury in fact and lost money or property as a result of defendants' unfair competition.  *See* Cal. Bus. & Prof. Code § 17204.

Plaintiffs' claim for violation of the UCL fails because Plaintiffs have failed to allege facts demonstrating that they suffered an injury in fact and lost money or property as a result of

Defendants' unfair competition.  In addition, to the extent Plaintiffs' UCL claim is based on the "unlawful" prong, Plaintiffs have failed to allege sufficient facts demonstrating that another law has been violated.  Moreover, to the extent Plaintiffs' UCL claim is based on the unfairness prong, Plaintiffs have failed to allege sufficient facts plausibly demonstrating that Defendants' conduct either offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.  Finally, to the extent Plaintiffs' UCL claim is based on the "fraudulent" prong, Plaintiffs have failed to meet Federal Rule of Civil Procedure 9(b)'s pleading requirements.  Accordingly, Plaintiffs' sixth cause of action for violation of Section 17200 is dismissed, and because amendment is futile, it is dismissed without leave to amend.

### IV.   Conclusion

For all the foregoing reasons, Plaintiffs' Motion to Remand is **DENIED**, and Defendants' Motion for Judgment on the Pleadings is **GRANTED**.  Plaintiffs' Complaint is hereby **DISMISSED with prejudice**.

IT IS SO ORDERED.